**EXHIBIT 2**

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
A. Sutton, Deputy
4/20/2021 4:54:50 PM
Filing ID 12798924

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorney:**
Monty Greek
Bar Number: 015088, issuing State: AZ
Law Firm: Parker Schwartz PLLC
7310 North 16th Street
Phoenix, AZ 85020
Telephone Number: (602)282-0477
Email address: mgreek@psazlaw.com

CV2021-051310

**Plaintiffs:**
Kitchell Corporation
c/o Parker Schwartz, PLLC 7310 N. 16th Street, Suite 330
Phoenix, AZ 85020

Kitchell Contractors, Inc. of Arizona
c/o Parker Schwartz, PLLC 7310 N. 16th Street, Suite 330
Phoenix, AZ 85020

**Defendant:**
Zurich American Insurance Company
1299 Zurich Way
Schaumburg, IL 60196

Discovery Tier t3

Case Category: Contracts
Case Subcategory: Other Contract (Breach of Contract)

Commercial Court: Yes

Case 2:21-cv-00908-DJH   Document 1-3   Filed 05/21/21   Page 3 of 20

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
4/20/2021 4:54:50 PM
Filing ID 12798923

1  Monty L. Greek (015088)
   **PARKER SCHWARTZ PLLC**
2  7310 North 16th Street, Suite 330
3  Phoenix, Arizona 85020
   Tel: (602) 282-0477
4  Fax: (602) 282-0478
5  mgreek@psazlaw.com

6
   Gregory D. Podolak (pending admission *pro hac vice*)
7  Andres Avila (pending admission *pro hac vice*)
   **SAXE DOERNBERGER & VITA, P.C.**
8  35 Nutmeg Drive, Suite 140
9  Trumbull, CT 06611
   Tel: (203) 287-2100
10 Fax: (203) 287-8847
11 gpodolak@sdvlaw.com
   aavila@sdvlaw.com
12
13 Attorneys for Plaintiffs

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

| | |
|---|---|
| KITCHELL CORPORATION, an Arizona corporation, and KITCHELL CONTRACTORS, INC. OF ARIZONA, an Arizona corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, a New York corporation, <br><br> Defendant. | No. CV2021-051310 <br><br> **COMPLAINT** <br><br> [Commercial Court Assignment Requested] <br><br> [Qualified for Tier 3 Assignment] |

Plaintiffs allege as follows:

## PARTIES

1. Plaintiff KITCHELL CORPORATION ("KITCHELL") was and is an entity formed and existing under the laws of the State of Arizona, with its principal place of business located at 1707 East Highland Avenue, Phoenix, Arizona 85016.

1

2. At all times herein mentioned, Plaintiff KITCHELL maintained a principal place of business in Maricopa County, Arizona.

3. Plaintiff KITCHELL CONTRACTORS, INC. OF ARIZONA ("KITCHELL CONTRACTORS") was and is an entity formed and existing under the laws of the State of Arizona, with its principal place of business located at 1707 East Highland Avenue, Phoenix, Arizona 85016.

4. At all times mentioned, Plaintiff KITCHELL CONTRACTORS maintained a principal place of business in Maricopa County, Arizona. Unless otherwise stated, "KITCHELL CONTRACTORS" and "KITCHELL" shall hereafter be collectively referenced as "KITCHELL" in this complaint.

5. Defendant ZURICH AMERICAN INSURANCE COMPANY ("ZURICH") was and still is an entity formed and existing under the laws of the State of New York, with its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

6. At all times herein mentioned Defendant ZURICH transacted business and insured property located in the State of Arizona. Defendant ZURICH is registered with the Arizona Department of Insurance. Pursuant to A.R.S. § 20-222(A), Defendant ZURICH may be served with process through the Director of the Arizona Department of Insurance.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over ZURICH pursuant to Ariz. R. Civ. P. 4.2(a), as ZURICH contracted with KITCHELL and purposefully availed itself of the privileges of conducting business activities within the State of Arizona. This Court also has jurisdiction over ZURICH because KITCHELL's claims arise out of or relate to ZURICH's contacts with Arizona.

8. Venue is proper in Maricopa County pursuant to A.R.S. § 12-401.

9. This Court has the power to issue declaratory relief pursuant to A.R.S. § 12-1831 and Ariz. R. Civ. P. 57.

## CASE ASSIGNMENT

10. This action is eligible for commercial court pursuant to Ariz. R. Civ. P. 8.1(b). Plaintiffs request assignment to commercial court pursuant to Ariz. R. Civ. P. 8.1(d).

11. The nature of the parties and claims, and the amount of damages claimed, qualify this action for Tier 3 assignment pursuant to Ariz. R. Civ. P. 8.1(e) and 26.2(c)(3).

## GENERAL ALLEGATIONS

12. On or about January 20, 2017, non-party Tucson Hacienda Canyon Owner, LLC ("Owner"), hired KITCHELL's subsidiary, KITCHELL CONTRACTORS, under a guaranteed maximum price contract (the "Prime Contract"), as the construction manager for a 225,000 square feet construction project known as Hacienda Senior Sisters Living, located at 3820 North Sabino Canyon Road, Tucson, Arizona 85750 (the "Project").

13. KITCHELL CONTRACTORS was required, under Section 11.3 of the Prime Contract, to purchase and maintain with an insurance company lawfully authorized to do business in Arizona, property insurance for the Project, written on a builder's risk "all-risk" or equivalent policy form in the amount of the initial Prime Contract sum, plus the value of subsequent Prime Contract modifications, and comprising the total value to the entire Project.

14. KITCHELL initially secured builder's risk project-specific insurance coverage for the Project with an insurer different from ZURICH. That policy, however, was cancelled on September 20, 2019, prior to the completion of the Project.

15. In or around September-October 2019, KITCHELL sought to add the Project to its Master Builders' Risk Coverage Policy No. MBR 0195889-03, effective June 1, 2019 – June 1, 2020, issued by ZURICH to KITCHELL (the "Policy") (Exhibit "A").

16. In connection with that process, ZURICH required KITCHELL to report certain Project information via an Excel spreadsheet designated as a 2019 Second Quarterly Report (the "Report") (Exhibit "B").

17. The Report was in a form provided by ZURICH to KITCHELL to inform ZURICH of certain information relating to covered projects under the Policy, as directed by the relevant

undefined headings "Total Hard Costs," "Total Delay in Completion," and "Total Insured Value."

18. Unbeknownst to KITCHELL at that time when it reported to ZURICH, KITCHELL unintentionally reported in error that the Project's "Total Hard Costs" were $523,894, that the Project's "Total Delay in Completion" value was $20,000, and that the corresponding incorrect Total Insured Value for the Project was $543,894. KITCHELL based the values it reported in the Report to ZURICH concerning "Total Hard Costs" on an incorrect value of a remaining monthly payment application for work at the time of the Report, and an incorrect "Total Delay in Completion" amount of $20,000, which was meant to be a per day rate to meet the Prime Contract liquidated damages requirements, not just $20,000 in "Total Delay in Completion" for the Project.

19. The Policy contains an Unintentional Errors and Omissions provision (the "E&O Clause") that reads as follows:

\*\*\*

**"Zurich Master Builders Risk**

**General Conditions**

…

**CC.    Unintentional Errors Or Omissions**

**[KITCHELL's] unintentional error or omission in reporting**, or the failure to report, **information to [ZURICH] in accordance with the terms and conditions of this Policy, will not prejudice [KITCHELL's] right of recovery**. However, [KITCHELL] or their authorized representative, upon becoming aware of such error or omission, must inform the Company within 30 days of the Named Insureds' discovery of such error or omission and pay any additional premium due. **In no event shall any such recovery exceed the "construction classification" Limit Of Liability or any other applicable sublimit, whichever is less, for the Project."**

\*\*\*

(emphasis added).

4

20. On the morning of October 4, 2019, the Project experienced water damage due to a hot water main leak located in Area D, floor three of the Project building at construction activity locations (the "LOSS"). An elevator, various units, and corridors were affected due to the water leak that occurred while construction activities were in progress. The water leak caused damage to the Project including, but not limited to, the following:

- Damaged Elevator E-6 that was in the installation sequence;
- Damaged drywall that was primed and ready for final paint throughout the units;
- Damaged drywall and final paint in the corridors;
- Damages baseboards and insulation throughout the corridors and units which were already painted;
- Damaged cabinets in the units;
- Damaged custom carpet in the corridor and lobby;
- Damaged carpet in the units;
- Damaged doors, door frames, and hardware.

21. The units affected in the Project buildings are as follows: 3600, 3601, 3602, 3603, 3604, 3605, 3606, 3607, 3608, 3609, 3610, and 3612. The common areas affected are as follows: Corridor 3057 and Elevator Lobby 3056. The elevator affected is Elevator E-6.

22. At the time of the LOSS the ZURICH Policy was in full force and effect.

23. Both KITCHELL and KITCHELL CONTRACTORS are Named Insureds under the Policy, as stated in the Policy Declaration page.

24. KITCHELL provided, through its insurance broker, timely notice of the LOSS to ZURICH by email dated October 8, 2019.

25. On December 11, 2019, KITCHELL transmitted to ZURICH an insurance claim letter for the LOSS, documenting and quantifying the LOSS, indicating the factual background of the LOSS, as well as the costs claimed and the backup for the costs for which KITCHELL sought coverage under the ZURICH Policy. KITCHELL's hard costs claim for the LOSS amounted to $1,225,396, net of a $50,000 deductible.

26. The ZURICH Policy, which insures the Project, contains a "Maximum Limit of Liability" for "Insured Projects" of 250,000,000 per "occurrence."

27. The ZURICH Policy, which insures the Project, contains a "Construction Classifications" Limit of Liability of $15,000,000 per "occurrence" for "Frame."

28. The Project is within the "Frame" "Construction Classification."

29. ZURICH acknowledged that the Project is within the "Frame" classification in a letter dated March 22, 2021.

30. The LOSS is covered under the ZURICH Policy, and ZURICH has acknowledged coverage for it.

31. ZURICH has paid only $523,894 to KITCHELL for the LOSS and has stated that "no further payments will be issued outside of the coverage amounts established for the Project under Kitchell's master builders risk policy."

32. ZURICH is incorrectly, and in bad faith without a reasonable basis for denying benefits of the Policy, relying on the incorrect figure of $523,894, supplied in error under the heading "Total Hard Costs" in the project worksheet Report, as the alleged applicable Policy Limit of Liability.

33. ZURICH currently owes KITCHELL an amount totaling $701,502, net of a $50,000 deductible, for the covered LOSS under the Policy, which is an indemnity amount that ZURICH has already approved but failed to pay.

34. As part of the $701,502 owed by ZURICH, it owes, but has failed to pay to KITCHELL, an amount of $125,382 for General Conditions and associated fees to the LOSS.

35. On June 10, 2020, KITCHELL, through its insurance broker, advised ZURICH that KITCHELL made an unintentional error or omission in stating the Project's applicable insured values in the Report, and requested that the Policy limit be corrected pursuant to the Policy's Unintentional Errors and Omissions provision (the "E&O Clause"). (Exhibit "C").

36. On August 27, 2020, ZURICH's National General Adjuster, Mr. Bradley K. Dean, wrote an e-mail to KITCHELL, in bad faith and without a reasonable basis for denying benefits of the Policy, disregarding the E&O Clause and maintaining that the Project was subject to the

1 incorrect "…. existing project coverage limit of $523,894.00 and soft costs [limit] of $20,000.00." (Exhibit "**D**").

37. Despite the clear application of the Policy's E&O Clause to KITCHELL's unintentional error in reporting values to ZURICH, and in absence of a reasonable basis for denying benefits of the Policy as well as ZURICH's knowledge or reckless disregard of the lack of a reasonable basis for denying the application of the E&O Clause, ZURICH baldly stated in its August 27, 2020 e-mail that "any mistakes made by [KITCHELL] in reporting information do not fall within the context of the Unintentional Errors Or Omissions provision quoted above …." In the same email, ZURICH further stated, without a reasonable basis, in bad faith, and solely serving its own interests, that "… no further payments will be issued …."

38. ZURICH's intentional refusal to fully indemnify KITCHELL for the LOSS, without a reasonable basis and relying on incorrect reported values despite the clear application of the E&O Clause, forced KITCHELL to retain insurance coverage counsel.

39. On October 20, 2020, KITCHELL's insurance coverage counsel sent a response letter to ZURICH confirming the Policy's "total project value" and application of the E&O Clause. Specifically, KITCHELL's coverage counsel indicated in a 6-page letter that the correct Policy Total Insured Value for the Project was, at a minimum, $6,920,920, or absent that, the Policy's applicable "Frame" "construction classification" Limit of Liability of $15,000,0000 should apply, and the Policy mandated that it be applied to the LOSS. Counsel further confirmed that the correct Total Delay in Completion value is $2,270,273, to reflect the Project's correct delay costs. KITCHELL further requested through counsel that ZURICH reconsider its position and confirm the limits applied in such manner. (Exhibit "**E**").

40. On December 2, 2020, after several unsuccessful follow ups from KITCHELL's coverage counsel and its insurance broker, ZURICH replied to KITCHELL's October 20, 2020 letter. ZURICH, via a single sentence, refused to substantively address Kitchell's 6-page position letter of October 20, 2020. (Exhibit "**F**"). ZURICH indicted, in bad faith and with knowing or reckless disregard of the lack of a reasonable basis for denying the full benefits of the Policy to

KITCHELL, that ZURICH's position regarding the applicable "total project value" under the Policy remained unchanged.

41. On December 10, 2020, KITCHELL, in good faith and in an effort to save judicial resources, invited ZURICH to mediate the dispute over the Project's insured value under the Policy, invoking the Policy's Alternative Dispute Resolution General Condition, ¶ B.

42. On January 22, 2021, ZURICH sent an e-mail to KITCHELL's coverage counsel indicating that ZURICH had appointed insurance coverage counsel "to look at the water [LOSS] claim under Kitchell Corporation's builders risk insurance…, including review of [KITCHELL's] previous correspondence…." (Exhibit "**G**").

43. On February 8, 2021, ZURICH indicated though counsel, in bad faith and with knowing or reckless disregard of the lack of a reasonable basis for denying the full benefits of the Policy to KITCHELL, that ZURICH refused to proceed with mediation or any other form of alternative dispute resolution. (Exhibit "**H**").

44. It took five (5) months for ZURICH to respond, beyond a single sentence email, to Kitchell's 6-page position letter of October 20, 2020.

45. On March 22, 2021, ZURICH slightly elaborated for the first time its position regarding the applicable Policy Limit of Liability and the E&O Clause. In such letter, ZURICH, without a reasonable basis for denying benefits of the Policy and with knowing or reckless disregard of the lack of a reasonable basis for denying the correct Policy Limit of Liability and the application of the E&O Clause bargained for by KITCHELL, persisted in denying in bad faith Policy benefits owed to KITCHELL.

46. KITCHELL has satisfied all conditions precedent for coverage under the ZURICH Policy.

47. ZURICH has intentionally breached the implied covenant of good faith and fair dealing in the insurance Policy contract by denying KITCHELL the security and peace of mind that is the object of the insurance relationship.

48. ZURICH, guided by evil mind which either consciously sought to damage KITCHELL or acted intentionally, knowing that its conduct was likely to cause

8

unjustified, significant damage to KITCHELL, has refused or otherwise failed, without a reasonable basis for denying benefits of the Policy and with ZURICH's knowledge or reckless disregard of such lack of a reasonable basis for denying the Policy benefits, to fully indemnify KITCHELL for the covered LOSS under the Policy, including the failure in bad faith to acknowledge that the Policy's E&O Clause applies and that the applicable Limit of Liability is $15,000,000 instead of the incorrect figures of $523,894 for "Hard Costs" or $20,000 for "Total Delay in Completion" for the Project.

49. ZURICH's breach, and bad faith conduct, have caused and continue to cause damages to KITCHELL.

## COUNT 1
### (Declaratory Judgment)

50. KITCHELL incorporates and realleges the previous paragraphs of this complaint.

51. Upon information and belief, ZURICH is obligated to indemnify KITCHELL for the LOSS pursuant to the terms of the ZURICH Policy.

52. A dispute has arisen between ZURICH and KITCHELL regarding the amount for which ZURICH is obligated to indemnify KITCHELL under the ZURICH Policy in connection with the LOSS.

53. An actual case and justiciable controversy exist regarding ZURICH's obligations under the ZURICH Policy as to the applicable Project's insured value and Limit of Liability under the Policy, and the total amount of indemnification owed to KITCHELL in connection with the LOSS under the Policy.

54. A declaratory judgment, pursuant to A.R.S. § 12-1831 *et seq.*, is necessary and appropriate to determine the rights and duties of ZURICH and KITCHELL under the ZURICH Policy.

## COUNT 2
### (Breach of Contract)

55. KITCHELL incorporates and realleges the previous paragraphs of this complaint.

9

56. Pursuant to the ZURICH Policy, ZURICH promised to pay for direct physical LOSS of or damage to builder's risk property caused by a covered cause of LOSS affecting the Project.

57. To date, ZURICH has failed and/or refused to fully indemnify KITCHELL for the covered LOSS under the ZURICH Policy.

58. ZURICH's refusal to fully indemnify KITCHELL for the covered LOSS under the Policy constitutes a breach of the express and implied terms of the ZURICH Policy.

59. As a consequence of ZURICH's breach, KITCHELL has been and continues to be damaged.

## COUNT 3
### (Bad Faith)

60. KITCHELL incorporates and realleges the previous paragraphs of this complaint.

61. By refusing to comply with the Policy's E&O Clause and other Policy terms and conditions, including but not limited to applicable Policy Limit of Liability clauses, ZURICH has denied in bad faith the benefits of the ZURICH Policy to KITCHELL without a reasonable basis.

62. ZURICH, with knowledge or with reckless disregard, denied the benefits of the ZURICH Policy to KITCHELL without a reasonable basis, and acted in bad faith by failing to address KITCHELL's numerous requests that ZURICH comply with the Policy's E&O Clause and indemnify KITCHELL fully under the correct applicable Policy Limit of Liability.

63. ZURICH has no reasonable basis for denying to KITCHELL the benefits of the ZURICH Policy.

64. A reasonable insurer under the circumstances would not have denied or delayed full payment of the LOSS and would have applied the Policy's E&O Clause and applicable Limit of Liability of $15,000,000.

65. ZURICH has intentionally, and with an "evil mind," breached the implied covenant of good faith and fair dealing in the ZURICH Policy by denying KITCHELL the security and peace of mind that is the object of the insurance relationship, and specifically by

10

refusing to adjust the Limit of Liability in accordance with applicable Policy terms and conditions.

66. ZURICH does not have a reasonable basis for its refusal to apply the Policy's E&O Clause and adjust the Policy's Limit of Liability accordingly.

67. ZURICH does not have a reasonable debatable basis for its failure to fully indemnify KITCHELL under the ZURICH Policy for the LOSS.

68. Through its "evil mind" and outrageous bad faith conduct in assessing coverage under the ZURICH Policy, and by refusing to apply the E&O Policy clause and the applicable Policy Limit of Liability without any reasonable basis when it denied the benefits of the ZURICH Policy, as well as ZURICH's refusal to mediate the dispute with KITCHELL, ZURICH has acted with the intent to injure, and in conscious disregard of known risks of significant harm to, KITCHELL.

69. ZURICH acted deliberately, overtly, and dishonestly. ZURICH's motives were so improper and its conduct so oppressive, outrageous, and intolerable, that punitive damages are warranted.

70. As a direct and proximate result of ZURICH's bad-faith denial of coverage under the ZURICH Policy, KITCHELL has incurred substantial consequential damages and other costs and expenses, including interest and attorney fees, and is further entitled to punitive damages, in amounts not limited by the ZURICH Policy Limit of Liability.

**PRAYER FOR RELIEF**

WHEREFORE, subject to its rights to plead alternatively and to subsequently elect its remedies, KITCHELL respectfully prays that the Court enter judgment in favor of KITCHELL, and against ZURICH, as follows:

A. Declaring that ZURICH is obligated to indemnify KITCHELL under the ZURICH Policy in connection with the LOSS up to a Limit of Liability of $15,000,000;

B. Awarding to KITCHELL all direct, consequential, and incidental damages in amounts to be proven at trial;

C.  Awarding to KITCHELL punitive damages in an amount sufficient to punish ZURICH and to deter ZURICH, and others like ZURICH, from committing similar wrongful conduct in the future;

D.  Awarding to KITCHELL its taxable costs pursuant to A.R.S. §12-341;

E.  Awarding to KITCHELL its attorney fees, costs, and expenses incurred in prosecuting this action pursuant to A.R.S. § 12-341.01 and other applicable law;

F.  Awarding to KITCHELL pre-judgment and post-judgement interest on all sums awarded from the earliest dates and at the highest rates permitted by law; and

G.  Awarding such other relief as this Court deems just and proper.

DATED this 20th day of April, 2021.

By: */s/ Monty L. Greek*
Monty L. Greek (015088)
**PARKER SCHWARTZ PLLC**
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Attorneys for Plaintiff

Gregory D. Podolak
(pending admission *pro hac vice*)
Andres Avila
(pending admission *pro hac vice*)
**SAXE DOERNBERGER & VITA, P.C.**
35 Nutmeg Drive, Suite 140
Trumbull, CT 06611
Attorneys for Plaintiffs

*** Clerk of the Superior Court Electronically Filed ***
A. Sutton, Deputy
4/20/2021 4:54:50 PM
Filing ID 12798925

Person/Attorney Filing: Monty Greek
Mailing Address: 7310 North 16th Street
City, State, Zip Code: Phoenix, AZ 85020
Phone Number: (602)282-0477
E-Mail Address: mgreek@psazlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 015088, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Kitchell Corporation, et al.
Plaintiff(s),

v.

Zurich American Insurance Company
Defendant(s).

Case No. **CV2021-051310**

**CERTIFICATE OF COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Monty Greek /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #5633980

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
A. Sutton, Deputy
4/20/2021 4:54:50 PM
Filing ID 12798926

Person/Attorney Filing: Monty Greek
Mailing Address: 7310 North 16th Street
City, State, Zip Code: Phoenix, AZ 85020
Phone Number: (602)282-0477
E-Mail Address: mgreek@psazlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 015088, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Kitchell Corporation, et al.
Plaintiff(s),
v.
Zurich American Insurance Company
Defendant(s).

Case No. **CV2021-051310**

**SUMMONS**

To: Zurich American Insurance Company

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *April 20, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *AMBER SUTTON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

CLERK OF THE SUPERIOR COURT
FILED
S. SZAKACS, DEP

21 MAY -6 AM 11: 16

# DECLARATION OF SERVICE

SUPERIOR COURT - MARICOPA  
STATE OF AZ  
County of MARICOPA

CASE NO: CV2021-~~05310~~ 051310  
COURT DATE:  
COURT TIME:

| PLAINTIFF: | DEFENDANTS: |
|---|---|
| KITCHELL CORPORATION, ET AL | ZURICH AMERICAN INSURANCE COMPANY |
| | 100 N. 15TH AVE., LOBBY |
| | PHOENIX, AZ 85007 |

The declarant, being duly sworn, states: I am fully qualified under Rule 4(d) Ariz.R.Civ.P. to serve process in this action, having been so appointed by the court; I received and served the following documents in the manner described below:

**DOCUMENT TYPE:** TWO COPIES OF EAH OF THE FOLLOWING DOCUEMTNS: SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVER SHEET; $15.00 CHECK MADE PAYABLE TO THE ARIZONA DEPARTMENT OF INSURANCE

**PERSON(S) SERVED:** ZURICH AMERICAN INSURANCE COMPANY (Defendant)

**PLACE OF SERVICE:** USUAL PLACE OF BUSINESS  
100 N. 15TH AVE., LOBBY  
PHOENIX, AZ 85007

By delivering 3 SET(S) true copies to: ASHLEY MAGDA, SECURITY FOR THE ARIZONA DEPARTMENT OF INSURANCE

THE ABCVE MENTIONED INDIVIDUAL WAS SERVED PERSONALLY AT THE ABOVE ADDRESS.

Notes:

FILE #: 213514  
REF #: HDC - Zurich  
DATE OF SERVICE: 4/21/2021  
TIME OF SERVICE: 03:26 PM  
Next Action: No Further Action

I declare under penalty of perjury that the foregoing is true and correct.  
Signed on the 4th day of May, 2021

FEES: $65.00 Service Fee  
$65.00 Total

*Thomas P. Zollars*

**DECLARANT'S SIGNATURE**  
**Tom Zollars**

Process server licensed in Maricopa County #5104

SUPERIOR PROCESS SERVICES, INC.  
7701 E. Indian School Suite E  
Scottsdale, Arizona 85251  
(480) 429-6886



Select Language ▾
Powered by Google Translate

# Civil Court Case Information - Case History

## Case Information
Case Number: CV2021-051310  Judge: Martin, Daniel
File Date: 4/20/2021  Location: Downtown
Case Type: Civil

## Party Information
| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Kitchell Corporation | Plaintiff | | Monty Greek |
| Kitchell Contractors Inc Of Arizona | Plaintiff | | Monty Greek |
| Zurich American Insurance Company | Defendant | | Pro Per |

## Case Documents
| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 5/6/2021 | AFS - Affidavit Of Service | 5/11/2021 | |

**NOTE:** ZURICH AMERICAN INSURANCE COMPANY

| | | | |
|---|---|---|---|
| 4/20/2021 | COM - Complaint | 4/21/2021 | |

**NOTE:** Complaint

| | | | |
|---|---|---|---|
| 4/20/2021 | CSH - Coversheet | 4/21/2021 | |

**NOTE:** Civil Cover Sheet

| | | | |
|---|---|---|---|
| 4/20/2021 | CCN - Cert Arbitration - Not Subject | 4/21/2021 | |

**NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To

| | | | |
|---|---|---|---|
| 4/20/2021 | SUM - Summons | 4/21/2021 | |

**NOTE:** Summons

## Case Calendar
**There are no calendar events on file**

## Judgments
**There are no judgments on file**